MARIA PALMA DI FONZO *vs.* FRANK NOTARIANNI *et al.*

JULY 12, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is an action in assumpsit to recover from the defendants, Antonio Saccoccio and Frank Notarianni, as alleged guarantors, the amount of an indebtedness acknowledged by the principal debtors.   In the superior court the death of the defendant Frank Notarianni was suggested and the administrator of his estate was duly made a party defendant.   The trial of the case resulted in a verdict by the jury in favor of the plaintiff in the full amount of the debt plus interest; and thereafter the trial justice granted the defendants' motion for a new trial.   The case is before us upon the bills of exceptions prosecuted by the plaintiff and the defendant Saccoccio respectively to various rulings of the trial justice.   No exception was prosecuted by the above-mentioned administrator and further reference to the defendant shall mean Saccoccio, unless otherwise stated.

The plaintiff expressly waives all of her exceptions except the first, to the ruling of the trial justice granting the defendant's motion for a new trial, and the second, to the

ruling of the trial justice sustaining the defendant's demurrer to the amended first count of the plaintiff's declaration. The defendant's bill contains five exceptions, but we need consider only the fourth, to the ruling of the trial justice refusing to grant the defendant's motion for a directed verdict, because that is determinative of the entire case if we find his contention thereunder to be sound.

It appears in evidence that the plaintiff first brought an action in assumpsit against Pasquale Notarianni and Maria G. Notarianni, the principal debtors, and Frank Notarianni and Antonio Saccoccio, the so-called guarantors. At that trial a verdict was directed for the plaintiff against the principal debtors, who took no exception thereto, and a nonsuit of the plaintiff was granted as to the defendants Saccoccio and Frank Notarianni, to which ruling the plaintiff duly excepted. In overruling this exception, this court in its opinion of December 11, 1931, said: "It is clear that said persons did not intend to become primarily liable and it is unnecessary to consider whether, by writing their names under the word 'guarantors', they guaranteed payment of the sum mentioned in the instrument." *Palma* v. *Notarianni*, 52 R. I. 61.

Thereafter on December 14, 1931, the plaintiff commenced this action against the defendants Saccoccio and Frank Notarianni, on the basis of their alleged written agreement to guarantee the payment of the indebtedness of the principal debtors. This agreement allegedly appears upon a paper written entirely in the Italian language, and is the same one which was relied upon by this plaintiff in the case of *Palma* v. *Notarianni, supra.* In that case, however, the form and translation of the instrument in question, as apparently then agreed upon, does not conform to the form and translation as agreed upon in the instant case. The following translation thereof follows substantially the form of the original writing, which is also in evidence.

"Cranston, R. I., July 23, 1923.

We, the undersigned declared to be indebted with Mrs. Maria Palma Di Pinta, wife of the late Gennaro in the sum of $900, nine hundred dollars. In addition I obligate myself to pay interest at seven per cent in advance for each six months. Whenever the creditor desires the money back she must make it known two months.

Pasquale Notarianni
Maria G. Notarianni

Guarantors
Antonio Saccoccio
Francesco Notarianni
Antonio Manzo—Witnesses"

The plaintiff contends that the two defendants by signing this writing under the word *garanti*—admittedly translated as guarantors—entered into a contract of so-called "absolute guaranty" to pay the entire debt of the principals to the plaintiff, and that there was adequate consideration for such a collateral agreement. The defendant contends substantially that the word *garanti* was not written upon the instrument when he and Frank Notarianni signed it; that there was no intention on their part to make and no consideration for the alleged agreement; and that, in any event, there is no legal evidence to establish the contract of so-called "absolute guaranty" by the two defendants; and that there is no evidence to support a finding that the plaintiff exercised due diligence in pursuing the principal debtors before bringing action against the alleged guarantors, assuming that there was evidence tending to show a conditional guaranty.

We are of the opinion that the plaintiff's contention cannot be sustained upon the evidence. Whatever the instrument or obligation may be termed, the facts in evidence fail to support a finding that the two defendants Saccoccio and Frank Notarianni intended and agreed to create and to be bound by such an obligation of "absolute guaranty" as the plaintiff contends. The entire alleged contract of guaranty,

if there was one, is contained in the one Italian word *guar-anti*—meaning guarantors— and the signatures of Saccoc-cio and Frank Notarianni appearing thereunder.

While the mere word *garanti* may be some evidence of the general character in which they signed, it is not evidence of the terms of any contract by which they allegedly agreed to be bound. Such a contract of guaranty, if any, must therefore arise entirely from inference. Assuming, without deciding, that the so-called "absolute guaranty" may arise solely from legal inference or implication, the plaintiff does not obtain the necessary assistance from the terms of any promise by the principal debtors. Their acknowledgment contains no express promise and therefore must itself rest on some implication.

This principal obligation is peculiar and not clear. It is admittedly not a promissory note and therefore the many cases concerning promissory notes as cited by the plaintiff are not helpful or in point. The instrument here contains several statements of different obligations, one in the plural and the second in the singular. It also contains a third statement of a condition requiring at least two months' notice of the creditor's demand for payment before the plaintiff could enforce any of the terms of that instrument.

The plaintiff would have us first imply the unconditional obligations of the principal debtors to pay, and upon that implication to infer an unconditional guaranty by the defendants to pay all of such obligations of the principals. Thus, upon the peculiar instrument and evidence before us, it would require speculation, or the basing of one inference upon another inference, in order to reach the conclusion for which the plaintiff contends; and the jury would not be justified in rendering a verdict upon speculation.

We are of the opinion that, under the circumstances presented here, there is no evidence from which the jury could be justified in finding that the two defendants made or intended to make any agreement of so-called "absolute guar-

anty" to pay all of the indebtedness of the principal debtors to the plaintiff. There is no evidence that the two defendants knew, in advance of their visit to the principals' house, that they would meet the plaintiff, or be asked by her to sign any contract of guaranty, or that they visited that house for that purpose, or that the plaintiff herself knew they would be there, or that she asked them to sign this instrument, or to agree to any contract of guaranty. On the contrary, there is evidence to show that she did not know the defendants would be at the house of the principal debtors where the paper was signed, and further, that it was the witness Manzo, not the plaintiff, who asked the defendants to put their names on this instrument which he wrote. According to Manzo's testimony, when the plaintiff offered to loan more money to the *principal debtors,* she said: "I want a witness, I want a witness that *they* sign the obligation." (italics ours) At that time she did not have in mind the defendants even as witnesses.

The same Manzo also signed the instrument, as he claimed the two defendants did, under the word *garanti,* if that was present on the paper; yet significantly the plaintiff did not join him as a party defendant and he claimed that he was the only witness. The word *testimoni,* however, appears on the original paper after the signatures of the defendants and Manzo and somewhat to the right of the latter's name. He admitted that it was written by him and that the translation of *testimoni* was in the plural, namely, witnesses.

The other testimony of Manzo does not assist the plaintiff. He admitted that he did not know the difference in meaning between guarantor, co-maker and surety, but was permitted over objection to testify as to the meaning of *garanti.* His testimony in this regard is not the admitted translation of *garanti*—meaning guarantors—nor is it a translation at all; but it is an attempt to assume the fact that there was a contract of guaranty and to state his opin-

ion of its legal effect. Such an assumption by a witness of a basic fact, which must be proved, is not legal evidence to establish that fact. The legal effect of such a contract, if proved, is for the court.

On the other hand, assuming that there was evidence tending to show a conditional guaranty, there is no evidence that the principal debtors were insolvent or unable to pay, and there is conclusive evidence of lack of diligence on the part of the plaintiff in first pursuing her remedy against the principal debtors before proceeding against the defendants.

Under such circumstances there was no evidence presenting a material issue of fact under the pleadings and evidence to be determined by the jury. Therefore, the trial justice was in error in refusing to grant the defendant's motion to direct a verdict in his favor and the defendant's fourth exception is sustained.

This disposition renders it unnecessary to consider the plaintiff's first exception, to the granting of a new trial. The same reasoning, in our opinion, supports the conclusion that the trial justice did not err in sustaining the defendant's demurrer to the amended first count of the plaintiff's declaration and the plaintiff's second exception is overruled.

The defendant's fourth exception is sustained and the plaintiff may appear before us on July 18, 1938, and show cause, if any she has, why the case should not be remitted to the superior court for entry of judgment for the defendant.

*Benjamin Cianciarulo, Arabian, Gonnella & Barad,* for plaintiff.

*George Ajootian, Henry R. Di Mascolo,* for defendant.